**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL SANCHEZ, | Case No.  5:26-cv-01888-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| MERCEDES-BENZ USA, LLC, | [Re: ECF No. 5] |
| Defendant. | |

Defendant Mercedes-Benz USA, LLC ("Mercedes") moves to dismiss Plaintiff Paul Sanchez's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 5 ("Mot."); ECF No. 14 ("Reply").  Mr. Sanchez opposes the motion.  ECF No. 11 ("Opp.").  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for July 23, 2026.  *See* Civ. L.R. 7-1(b).

The motion is GRANTED.

## I.     BACKGROUND

The complaint appears to be a form complaint and contains minimal factual allegations, alleging as follows.  Mr. Sanchez purchased a 2023 Mercedez-Benz C300, with which he received an express warranty wherein Mercedes "undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance."  Compl. ¶¶ 6–7.  The vehicle was delivered to Mr. Sanchez "with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty, including, but not limited to, various engine, electrical, and structural defects."  *Id.* ¶ 8.

On January 26, 2026, Mr. Sanchez filed the complaint in the Santa Clara County Superior Court, alleging (1) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, (2) breach of express warranty "under the Commercial Code,"[1] and (3) common law breach of warranty.  Compl. ¶¶ 9–42.  Mercedes removed the action to this judicial district on March 4, 2026, *see* ECF No. 1, and moved to dismiss each cause of action on March 11, 2026.

## II.    LEGAL STANDARD

A defendant may move to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

A court has discretion to allow leave to amend the complaint pursuant to Rule 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*.  The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *See* 316 F.3d at 1052.

---

[1] While Mr. Sanchez does not identify the provisions of the California Uniform Commercial Code in the complaint, the Parties treat the claim as invoking a purchaser's right of recovery for breach of express warranty under section 2313.  *See* Mot. at 3, Opp. at 9.

United States District Court
Northern District of California

### III.    DISCUSSION

Mercedes argues that each claim is subject to dismissal for failure to allege sufficient supporting facts.  Mot. at 1; Reply at 2 ("Simply, Plaintiff's breach of warranty claims do not satisfy FRCP 8 pleading requirements.").  Sticking to the minimalism reflected in the complaint, Mr. Sanchez conclusorily responds that the claims should not be dismissed because "the complaint provides sufficient facts to plausibly state a claim for relief," confidently (and wrongly) asserting that "[w]hen the facts are already known to the defendant, the pleading requirements may be relaxed."  Opp. at 2.

### A.  California Uniform Commercial Code Claim

"The essential elements of a cause of action under the California Uniform Commercial Code for breach of an express warranty to repair defects are (1) an express warranty to repair defects given in connection with the sale of goods; (2) the existence of a defect covered by the warranty; (3) the buyer's notice to the seller of such a defect within a reasonable time after its discovery; (4) the seller's failure to repair the defect in compliance with the warranty; and (5) resulting damages." *Orichian v. BMW of N. Am., LLC*, 226 Cal. App. 4th 1322, 1333–34, (2014) (citations omitted) (citing Cal. Comm. Code §§ 2313, 3607(3)(A)).

Mr. Sanchez's California Commercial Code claim alleges that the vehicle is a good covered by an express warranty, that "Plaintiff delivered the vehicle to defendant's authorized repair facilities for repair under the warranties provided by defedndant and otherwise gave defendant proper notice of the defects with the vehicle to the extent required," that Mercedes failed to repair the vehicle, and that "[a]s a direct result of defendant's breach of warranty, Plaintiff suffered damages."  Compl. ¶¶ 21–31.

The threadbare allegations in the complaint are woefully insufficient, failing to describe (among other things) the duration, scope, or coverage of any terms of the express warranty; the nature of the electrical and structural defects experienced by the vehicle; when and where he took the repair for repair and how the repairs breached the warranty; and how and when Mr. Sanchez provided an opportunity for Mercedes to cure these issues.  *See, e.g.*, *Hogue v. Nissan N. Am., Inc.*, No. 23-cv-02119-KK-SPX, 2024 WL 1424941, at *4 (C.D. Cal. Mar. 4, 2024) (dismissing

United States District Court
Northern District of California

vehicle purchaser's section 2313 claim for "fail[ure] to allege the exact terms of the warranty, what statements constituted an affirmation of fact or promise, or if the statement was part of the basis of the bargain").  Mr. Sanchez's argument that he "states facts to plausibly assert a claim for breach of express warranty" because it "clearly tracks the elements of a Commercial Code claim," Opp. at 9, is simply not a correct recitation of the applicable legal standard.  *Cf. Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do[.]").

### B. Common Law Claim

"In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Blennis v. Hewlett-Packard Co.*, No. 07-cv-00333-JF, 2008 WL 818526, at *2 (N.D. Cal. Mar. 25, 2008) (quoting *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986)).

Mr. Sanchez's common law claim alleges that he "received a written warranty," he "relied on that warranty," he "complied with all of the terms of the warranty," Mercedes "failed or refused to repair the vehicle as required by its warranty, thereby breaching its warranty," and that "[a]s a direct result . . . Plaintiff suffered damages."  Compl. ¶¶ 32–42.

These conclusory assertions are not enough.  Mr. Sanchez argues that he states a claim under the common law "for the same reasons" he states a claim under the California Commercial Code claim.  Opp. at 9.  As described *supra* § III.B, those reasons are wrong.  The complaint's failure to allege the terms of the warranty "renders the claim insufficient as it fails to provide [Mercedes] sufficient notice of the basis for the claim." *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 830 (N.D. Cal. 2021).

### C. MMWA Claim

"[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d).  "Generally, the MMWA 'calls for the application of state written and implied warranty law, not the creation of additional federal law[.]'" *Vatan v. Porsche Cars N. Am., Inc.*,

No. 25-cv-04409-AH-(SSCX), 2026 WL 130577, at *3 (C.D. Cal. Jan. 15, 2026) (quoting *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 833 (2006)).

Mr. Sanchez's MMWA claim is based on his state law claims, and he alleges that "Defendants violated the Mag-Moss Act when they breached the written warranty and implied warranties by failing to repair the defects and nonconformities, or to replace or repurchase the vehicle." Compl. ¶¶ 9–20. Mr. Sanchez acknowledges that his MMWA claim rises and falls with his state law claims. *See* Opp. at 11 ("For the MMWA claim, the court only needs to look to the state law for the applicable standards or remedies."). Because the complaint does not plausibly allege facts sufficient to support his two state-law claims, his MMWA also fails. *See Lemke-Vega v. Mercedes-Benz USA, LLC*, No. 23-cv-01408-DMR, 2024 WL 405047, at *4 (N.D. Cal. Feb. 2, 2024).

**D. Leave to Amend**

Each claim is subject to dismissal for failure to allege sufficient facts. Given the early state in the proceedings, amendment may not be futile, so the Court will grant leave to amend.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1) Mercedes's motion to dismiss is GRANTED. Counts 1, 2, and 3 of the complaint are DISMISSED WITH LEAVE TO AMEND.

(2) Mr. Sanchez SHALL file an amended complaint within fourteen days of the date of this order. Amendment is limited to remedying the defects identified in this order. No new claims or parties may be added without seeking leave of the Court.

(3) This order terminates ECF No. 5.

**IT IS SO ORDERED.**

Dated:  June 25, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California